CRESPO, DEMANDANTE Y APELANTE, *v.* COMISIÓN DE INDEMNIZACIONES A OBREROS, DEMANDADA Y APELADA.

No. 3130.—*Visto:* Enero 29, 1924. *Resuelto:* Diciembre 9, 1924.

ACCIDENTES DEL TRABAJO—CAUSA DE ACCIÓN—ACCIDENTE DEBIDO A CONDICIONES ATMOSFÉRICAS.—Una demanda de indemnización por accidente del trabajo en la cual alega el obrero que a causa de haberse mojado con un aguacero que cayó mientras estaba sudando en el trabajo ha perdido casi totalmente la visión del ojo derecho habiéndole sobrevenido una parálisis que lo incapacita permanentemente para el trabajo, no aduce hechos suficientes, a menos que alegara que la enfermedad contraída fué consecuencia del hecho de estar sudado al ocurrir el llamado accidente, o que por tal condición o por virtud de cualquiera otra el peligro que corría éra mayor que el que hay para el público en general en la vecindad inmediata.

SENTENCIA de *Tomás Bryan, J.* (Aguadilla), desestimando la demanda, sin costas. *Confirmada.*

*B. Esteves,* abogado del apelante; *Hon. Attorney General y Sres. Guerra Mondragón & Soldevila,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El apelante en este caso alega lo siguiente:

"1. Que con fecha 9 de diciembre de 1922, mientras se ocupaba como bracero en la obra de construcción de una casa de la propiedad del Lcdo. José Luis R. Cancio, en San Sebastián, P. R., bajo las órdenes del maestro de obras Sr. José Torres, sufrió un accidente del trabajo, ocurrido de la manera siguiente:

"Estando a las diez y pico de la mañana ligando concreto, por orden del maestro de obras, llegó a la fábrica un carro conduciendo maderas, la cual le ordenaron descargar, y estando ocupado en esta labor de descargar la madera, sudado, le sorprendió un aguacero, sin que tuviera tiempo para escapar sin ser mojado. Al poco rato se sintió mareado y tuvo que retirarse a su casa y guardar cama, siendo asistido por el doctor Miguel Rodríguez Cancio, médico de la Comisión de Indemnizaciones a Obreros, en San Sebastián.

"2. Que oportunamente se dió cuenta del accidente a la aquí demandada Comisión de Indemnizaciones a Obreros, la que registró el caso bajo el número 28746, llenándose las formalidades y requisitos de ley.

"3. Que, en vista de que el lesionado continuaba cada vez peor, como resultado del accidente referido, avisó a la Comisión por conducto de don José Padró, informándole de la gravedad del caso y especialmente 'que la vista del obrero corría peligro,' urgiendo su traslado a San Juan; y que la Comisión demandada, en su sesión No. 742, de fecha 16 de marzo de 1923, resolvió lo siguiente:

"'En el caso de Juan Abad Crespo, No. 28746, se da cuenta con un telegrama recibido de San Sebastián, firmado por un tal J. Padró, informando que la vista del enfermo corre peligro y urge su traslado a San Juan, y la Comisión después de haber oído el dictamen del facultativo, Dr. Díaz y después de haber estudiado detenidamente el expediente del caso, acuerda avisarle al obrero enfermo que su caso no es de los protegidos por la Ley.'

"4. Que la anterior resolución le fué comunicada al obrero el 20 de marzo de 1923, por el secretario de la Comisión demandada.

"5. Alega, especialmente, el demandante: que la anterior resolución es errónea y contraria a la letra y al espíritu de la Ley sobre Indemnizaciones por Accidentes del Trabajo; y que tal resolución lesiona y perjudica sus derechos de obrero. Y que, como resultado de dicho accidente del trabajo, el demandante ha perdido casi totalmente la visión del ojo derecho y ha quedado con notables desperfecciones en el rostro y una parálisis facial que le incapacita de un modo permanente para dedicarse a ninguna ocupación remunerativa."

La corte inferior al declarar con lugar una excepción previa fundada en que la demanda no aduce hechos suficientes para constituir una causa de acción, se expresó así:

"La enfermedad que padece el demandante, como consecuencia del aguacero que lo mojó mientras trabajaba, no es un accidente del trabajo que esté protegido por la Ley. El inciso primero del artículo 2 de la Ley de Indemnizaciones por Accidentes del Trabajo, según fué enmendada por la Ley No. 61, aprobada en 14 de julio de 1921, dice así:

" 'Las disposiciones de esta ley serán aplicables a los obreros lesionados o que se inutilicen o pierdan la vida por accidentes o enfermedades que provengan de cualquier acto o función inherente a su trabajo o empleo y ocurran dentro del curso de éste, por consecuencia del mismo.'

"De acuerdo con la letra y el espíritu de la ley, las indemnizaciones se conceden por accidentes que ocurran o enfermedades que se contraigan a consecuencia del trabajo o empleo, siendo absolutamente indispensable que el accidente o la enfermedad provengan de cualquier acto o función inherente al trabajo y ocurra dentro del curso de éste, por consecuencia del mismo. La enfermedad que padece el apelante no provino de cualquier acto o función inherente a su trabajo ni por consecuencia del mismo. Verdaderamente que el demandante se ha inutilizado mientras desempeñaba una de las funciones inherentes a su trabajo, pero esa incapacidad no provino como consecuencia del trabajo ni es una causa inherente del mismo.

"El caso del demandante no cae dentro de aquellos previstos por la Ley y por tanto la demanda no puede prosperar."

El demandante rehusó hacer enmiendas y pidió a la corte que dictara sentencia, que fué debidamente registrada.

Convenimos enteramente con el apelante en que la Ley de Indemnizaciones por Accidentes del Trabajo debe ser interpretada liberalmente a la luz de sus propósitos benéficos; y puede admitirse además que si el demandante hubiera alegado que la enfermedad contraída fué consecuencia del hecho de estar sudado al ocurrir el llamado accidente, o que por tal condición, o porque el sitio donde tenía que trabajar y sus alrededores, o por virtud de cualquiera otra circunstancia el peligro que corría era mayor que el que hay para el público en general en la vecindad inmediata, enton-

.ces podría decirse que la demanda aduce hechos para constituir una causa de acción.

Pero no hay nada que sugiera una relación de causa entre el hecho de que el demandante estuviera sudado al caer el aguacero y sus consecuencias. El accidente alegado como causa próxima de los perjuicios recibidos es el aguacero que repentinamente cayó. El mero hecho de que el demandante estuviere sudado al caer el aguacero no cambia para nada la situación de modo que pueda servir de base para establecer una excepción a la regla general que excluye los accidentes que tienen lugar por las condiciones atmosféricas a las cuales todo el mundo está asimismo expuesto.

La corte inferior no podía presumir ni tomar conocimiento judicial del hecho, si lo es, como ahora se alega en el alegato del apelante, que la condición de acaloramiento del demandante aumentó el peligro que había en exponerse a la lluvia. El juez de distrito pudo haber creído con igual o más razón que la condición física del demandante, como se describe en la demanda, especialmente si continuó su trabajo después del aguacero y si lo reanudó o nó de tal modo, tendería más bien a demostrar una reacción, a aminorar más que a aumentar el peligro que existía y a evitar y no a favorecer los efectos desastrosos consiguientes.

La demanda demuestra que el demandante se encontraba trabajando en el pueblo en una casa en vías de construcción, si no colindante con otras casas. En ella no hay nada que indique que los medios de guarecerse no estaban tan al alcance del demandante como para cualquiera otra persona en la calle en esos momentos y expuesta a las mismas condiciones atmosféricas, igualmente ocupada o no.

Claramente que la demanda, sea cual fuere la liberalidad con que se interprete, no aduce hechos suficientes para constituir una causa de acción.

La excepción previa formulada por la demandada fué suscrita por el Fiscal General y una firma de abogados en ejercicio.  El primer señalamiento de error que hace el apelante es como sigue:

"La corte de distrito erró al declarar que los abogados Guerra & Soldevila están capacitados para actuar en representación de la Comisión demandada en este caso."

No encontramos semejante declaración de la corte, ni ningún fundamento para ella en los autos.  Pero aun cuando la cuestión hubiera sido levantada y resuelta en la corte inferior, no encontramos ningún error que requiera la revocación de la sentencia.

La contención se funda en ciertos artículos de la Ley de Compensaciones a Obreros y para los fines de este caso podemos aceptar la proposición como ha sido enunciada por el apelante, a saber: "que la intención clara de la legislatura fué dejar esta labor a cargo del Departamento de Justicia para evitar que El Pueblo utilizara los servicios de abogados, los cuales, justamente, tuviera luego que remunerar."

El asunto, a lo sumo, parece ser uno en el cual los abogados de la apelada podrían estar interesados por referirse a la cuestión de compensación por servicios profesionales más que al derecho que como abogado tienen para comparecer en la corte a nombre de un cliente que puede o no haber sido autorizado para nombrar un abogado particular. Pero sea esto como fuere, de aquí no se infiere que el estatuto invocado constituya una limitación al derecho de los abogados de la demandada a ejercer su profesión, o que la restricción envuelta, de existir alguna, es cosa que incumbe al demandante.  Además, el error alegado, si lo hubo, no era perjudicial.

*Debe confirmarse la sentencia apelada.*