Asunción Vargas, demandante y apelante, *v.* Comisión de Indemnizaciones a Obreros, demandada y apelada.

No. 5067.—*Sometido:* Abril 1, 1930. *Resuelto:* Agosto 1, 1930.

---

* Nota: *Véase el prefacio.*

*Luis Mendín Sabat*, abogado del apelante; *Hon. Attorney General James R. Beverley*, y *Emilio Aldrey, Subprocurador*, abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La demandante sería la beneficiaria de José Martínez, quien pereció ahogado en el mar mientras estaba al servicio del dueño de una goleta. La apelada hace algún hincapié en que José Martínez no estaba actuando dentro del límite de sus atribuciones, pero creemos que un hombre que perece en el mar mientras trabaja en un barco está actuando dentro de tales atribuciones, aunque el accidente ocurra a causa de una tormenta. El mar y sus peligros están previstos en esta clase de empleos, y los casos de *Crespo* v. *La Comisión*, 33 D.P.R. 831, y *Rosado* v. *La Comisión*, 35 D.P.R. 985, pueden ser distinguidos.

La embarcación en que viajaba José Martínez naufragó. Parece admitirse que si el naufragio ocurrió a más de tres millas de las costas de Puerto Rico, las cortes locales no tendrían jurisdicción, y que el caso sería de la incumbencia

de un tribunal de almirantazgo. La apelante alega que hubo prueba tendente a demostrar que el naufragio ocurrió dentro de las aguas de Puerto Rico. El gobierno sostiene que la goleta zozobrada se encontró dentro de las aguas de Puerto Rico; que no hubo prueba respecto al sitio en que ocurrió el accidente, que la tormenta y las olas pudieron haber arrastrado a la embarcación a cualquier sitio, y que incumbía a la demandante demostrar el sitio en que ocurrió el accidente.

Creemos que los autos indican suficientemente que los deberes del causante de la actora habían sido solamente navegar dentro de las aguas de Puerto Rico. Por tanto, cuando después de un accidente se halla la embarcación dentro de dichas aguas, estos dos factores son fuerte prueba circunstancial tendente a demostrar que el accidente ocurrió dentro de la jurisdicción de Puerto Rico. La ley de evidencia circunstancial, cuando es imposible obtener prueba directa, no excluye toda posibilidad contraria.

■ Hemos asumido con las partes que la jurisdicción del almirantazgo sería exclusiva si el accidente hubiese ocurrido fuera de las aguas de Puerto Rico, pero tenemos dudas. Los casos citados parecen demostrar que el tribunal de almirantazgo tiene jurisdicción, pero no que sea exclusiva en un caso de esta naturaleza.

■ Se rechazó prueba parcialmente por el motivo de que después de lo actuado por la comisión no podía presentarse nueva evidencia ante la corte. Nos inclinamos hacia el criterio de que la corte tiene discreción, pero preferiremos reservar una decisión más definitiva para un caso de índole distinta. Estamos de acuerdo con la apelada en que la persona que ofrece la prueba debe demostrar su importancia. Además, la apelante tendrá otra oportunidad.

*Debe revocarse la sentencia y devolverse el caso a la Corte de Distrito de Humacao para la celebración de un nuevo juicio.*

Los Jueces Asociados Señores Aldrey y Texidor no intervinieron.